ORIGINAL

youngleeple2

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUL 24 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>YOUNG TAEK LEE,<br><br>    Defendant. | CRIMINAL CASE NO. 07-00050<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, YOUNG TAEK LEE, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count I of a Indictment charging him with Attempted Illegal Re-Entry of a Removed Alien in violation of Title 8, United States Code, Section 1326(a) and (b)(2). The Government agrees to move to dismiss Count II at Sentencing.

2(a) The defendant, YOUNG TAEK LEE, understands that the <u>maximum</u> sentence for Attempted Illegal Re-Entry of a Removed Alien is a term of imprisonment of twenty (20) years, a $250,000.00 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if he

violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) If defendant pleads guilty to this charge, the government will recommend that defendant receive the statutory minimum term of incarceration, or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater.

2(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Attempted Illegal Re-Entry of a Removed Alien as charged pursuant to 8 U.S.C. § 1326(a)(1) and (b)(2), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant is an alien;
>
> Second: the defendant was deported from the United States;
>
> Third: the defendant was removed subsequent to a commission of a felony; and
>
> Fourth: the defendant attempted to reenter the United States without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security or of any representative of that department.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1951, and is a citizen of Korea.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and

therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) Defendant YOUNG TAEK LEE is a citizen of Korea. On October 16, 1995, in the United States District Court for the Eastern District of New York, YOUNG TAEK LEE was convicted of the following felony offenses: Racketeering, in violation of 18 U.S.C. §1962( c), Interference with Commerce by Violence, in violation of 18 U.S.C. §1951, and Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §924( c). Defendant YOUNG TAEK LEE was sentenced to a term of 157 months and was subsequently deported and removed from the United States on March 29, 2005 at New York, New York.

Defendant YOUNG TAEK LEE, an alien, unlawfully attempted to enter the United States on November 22, 2006. He boarded Korean Airlines, Flight 805 which landed on Guam, U.S.A. YOUNG TAEK LEE applied as a visitor for business under the Guam Visa Waiver form using a Korean Passport No. SQ0274467. YOUNG TAEK LEE's name appeared on a Customs and Border Protection (CBP) Lookout list. YOUNG TAEK LEE's fingerprints were processed through the Customs and Border Protection IAFIS computer system, which identified YOUNG TAEK LEE as an alien previously removed from the United States. Prior to his November 22, 2006 entry into the United States, defendant YOUNG TAEK LEE had not received the consent of the Attorney General of the United States, nor did he obtain the consent of the Secretary of the Department of Homeland Security, to reapply for admission to enter the United States. At the time he attempted to enter the United States, he knew he was did not have the consent of the Attorney General of the United States to so enter.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

//

5. The government agrees that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and the government and the Court to allocate their resources efficiently, and that in the event the defendant qualifies for a decrease under U.S.S.G. §3E1.1(b).

6. The defendant understands and agrees that if he should breach this plea agreement, he will be fully subject to criminal prosecution for other crimes including the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, or attempt to bar such use of information.

7. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

//

-4-

Case 1:07-cr-00050   Document 11   Filed 07/24/2007   Page 4 of 6

(a) The nature and elements of the charge ~~and the mandatory minimum penalty provided by law, if any~~, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

( c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

//
//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | ~~(i) That this plea agreement has been translated into his native language and he fully~~ | |
| 2 | ~~understands it~~. | |

DATED: 7/23/07

_____
YOUNG TAEK LEE
Defendant

DATED: 7/23/07

_____
RICHARD P. ARENS  John T. Gorman
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 7/28/07        By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 7/23/07

_____
JEFFREY J. STRAND
First Assistant U.S. Attorney