1  youngleeple2

2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   Telephone: (671) 472-7332
6  Telecopier: (671) 472-7334

7  Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
AUG - 3 2007
MARY L.M. MORAN
CLERK OF COURT

ORIGINAL

FILED
DISTRICT COURT OF GUAM
JUL 24 2007
MARY L.M. MORAN
CLERK OF COURT

8

9          IN THE UNITED STATES DISTRICT COURT

10             FOR THE DISTRICT OF GUAM

11

12  UNITED STATES OF AMERICA,        )    CRIMINAL CASE NO. 07-00050
                                     )
13                    Plaintiff,     )
                                     )       AMENDED
14          vs.                      )    PLEA AGREEMENT
                                     )
15  YOUNG TAEK LEE,                  )
                                     )
16                    Defendant.     )
                                     )
17  _____ )

18

19          Pursuant to Rule 11(c)(1)(B), the United States and the defendant, YOUNG TAEK LEE,

20  enter into the following plea agreement:

21          1. The defendant agrees to enter a guilty plea to Count I of a Indictment charging him

22  with Attempted Illegal Re-Entry of a Removed Alien in violation of Title 8, United States Code,

23  Section 1326(a) and (b)(2). The Government agrees to move to dismiss Count II at Sentencing.

24          2(a) The defendant, YOUNG TAEK LEE, understands that the maximum sentence for

25  Attempted Illegal Re-Entry of a Removed Alien is a term of imprisonment of twenty (20) years, a

26  $250,000.00 fine, and a $100 special assessment fee, which must be paid at the time of

27  sentencing. Any sentence imposed may include a term of supervised release of not more than

28  three (3) years in addition to such terms of imprisonment. Defendant understands that if he

1 violates a condition of supervised release at any time prior to the expiration of such term, the

2 court may revoke the term of supervised release and sentence him up to an additional two (2)

3 years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

4 2(b) If defendant pleads guilty to this charge, the government will recommend that

5 defendant receive the statutory minimum term of incarceration, or the minimum term of

6 incarceration recommended by the Sentencing Guidelines, whichever is greater.

7 2(c) The government will recommend a fine within the Sentencing Guidelines range. If

8 defendant is financially unable to immediately pay the fine in full, defendant agrees to make a

9 full disclosure of his financial status to the United States Attorney's Office by completing a

10 Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule.

11 Defendant understands that, by law, interest accrues on any remaining balance of the debt.

12 3. The defendant understands that to establish a violation of Attempted Illegal Re-Entry

13 of a Removed Alien as charged pursuant to 8 U.S.C. § 1326(a)(1) and (b)(2), the government

14 must prove each of the following elements beyond a reasonable doubt:

First: the defendant ~~is an alien;~~ was deported from the United States;

Second: the defendant ~~was deported from the United States;~~ had the conscious desire to reenter the United States without consent;

Third: the defendant ~~was removed subsequent to a commission of a felony; and~~ committed an overt act that was a substantial step towards reentering the United States without consent;

Fourth: the defendant* ~~attempted to reenter the United States without the consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security or of any representative of that department.~~

20 4. The defendant agrees that the Sentencing Guidelines apply to this offense. The

21 defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2,

22 in calculating the applicable guidelines level. The Government and the defendant stipulate to the

23 following facts for purposes of the Sentencing Guidelines:

24 (a) The defendant was born in 1951, and is a citizen of Korea.

25 (b) If the defendant cooperates with the United States by providing information

26 concerning the unlawful activities of others, the government agrees that any self-incriminating

27 information so provided will not be used against defendant in assessing his punishment, and

*had not obtained the consent of the Attorney General or the Secretary of the department of Homeland Security to reapply for admission into the United States; and

**Fifth: the defendant was an alien at the time of the defendant's attempted reentry into the United States.

Case 1:07-cr-00050   Document 13   Filed 08/03/2007   Page 2 of 6

1 therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used
2 in determining the applicable guidelines range.
3      (c) Defendant YOUNG TAEK LEE is a citizen of Korea. On October 16, 1995, in the
4 United States District Court for the Eastern District of New York, YOUNG TAEK LEE was
5 convicted of the following felony offenses: Racketeering, in violation of 18 U.S.C. §1962 ( c),
6 Interference with Commerce by Violence, in violation of 18 U.S.C. §1951, and Use of a Firearm
7 During a Crime of Violence, in violation of 18 U.S.C. §924( c). Defendant YOUNG TAEK LEE
8 was sentenced to a term of 157 months and was subsequently deported and removed from the
9 United States on March 29, 2005 at New York, New York.
10      Defendant YOUNG TAEK LEE, an alien, unlawfully attempted to enter the United States
11 on November 22, 2006. He boarded Korean Airlines, Flight 805 which landed on Guam, U.S.A.
12 YOUNG TAEK LEE applied as a visitor for business under the Guam Visa Waiver form using a
13 Korean Passport No. SQ0274467. YOUNG TAEK LEE's name appeared on a Customs and
14 Border Protection (CBP) Lookout list. YOUNG TAEK LEE's fingerprints were processed
15 through the Customs and Border Protection IAFIS computer system, which identified YOUNG
16 TAEK LEE as an alien previously removed from the United States. Prior to his November 22,
17 2006 entry into the United States, defendant YOUNG TAEK LEE had not received the consent
18 of the Attorney General of the United States, nor did he obtain the consent of the Secretary of the
19 Department of Homeland Security, to reapply for admission to enter the United States. At the
20 time he attempted to enter the United States, he knew he was did not have the consent of the
21 Attorney General of the United States to so enter.
22      (d) The defendant understands that notwithstanding any agreement of the parties, the
23 United States Probation Office will make an independent application of the Sentencing
24 Guidelines. The defendant acknowledges that should there be discrepancies in the final
25 sentencing guidelines range projected by his counsel or any other person, such discrepancies are
26 not a basis to withdraw his guilty plea.
27 //
28

-3-

5. The government agrees that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and the government and the Court to allocate their resources efficiently, and that in the event the defendant qualifies for a decrease under U.S.S.G. §3E1.1(b).

6. The defendant understands and agrees that if he should breach this plea agreement, he will be fully subject to criminal prosecution for other crimes including the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, or attempt to bar such use of information.

7. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

//

-4-

(a) The nature and elements of the charge ~~and the mandatory minimum penalty provided by law, if any~~, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

( c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense;

//
//
//
//
//
//
//

-5-

(i) That this plea agreement has been translated into his native language and he fully understands it.

DATED: 7/23/07

YOUNG TAEK LEE
Defendant

DATED: 7/23/07

RICHARD P. ARENS  John T. Goodman
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 7/28/07

By:

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 7/23/07

JEFFREY J. STRAND
First Assistant U.S. Attorney

-6-