JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
YOUNG TAEK LEE

**FILED**
DISTRICT COURT OF GUAM

AUG 30 2007

JEANNE G. QUINATA
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR07-00050 |
| Plaintiff, | ) ) ) | SENTENCING MEMORANDUM |
| vs. | ) ) | |
| YOUNG TAEK LEE, | ) ) | |
| Defendant. | ) ) | |

### SENTENCING MEMORANDUM

Defendant, YOUNG TAEK LEE, by and through undersigned counsel, Richard P. Arens, Assistant Federal Public Defender, respectfully requests that this Court impose a sentence of time served followed by a period of supervised release. This recommended sentence is proper due to the facts and circumstances of this case and the sentencing factors set forth in 18 U.S.C. § 3553.

**ORIGINAL**

I.  **The Just, Reasonable and Appropriate Sentence in this Case is Time Served followed by a Term of Supervised Release.**

18 U.S.C. § 3553(a) mandates that this Court "impose a sentence sufficient, but not greater than necessary . . . . "

18 U.S.C. § 3582 cautions that when fashioning a sentence, the court must "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." Based on the nature and circumstances of this offense and the history and characteristics of Mr. Lee, a sentence of time served is sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553.

II.  **Facts.**

On June 23, 2006, Mr. Lee arrived at the Guam International Airport on a flight from Korea. He was accompanied by his employer Mr. Jae Young Ju, president of SNL Corporation (SNL). The sole purpose of the trip was to meet with local businesses who might be interested in purchasing produce from SNL. (Exhibit A, letter from Jae Young Ju and Exhibit B, Mr. Lee's SNL business card). Upon their arrival, an immigration database check indicated that Mr. Lee had been previously deported after serving 157 months in federal prison. (Presentence Investigation Report (PSR) at 12). Mr. Kim was arrested because he did not acknowledge the prior conviction and deportation on the Guam Visa waiver form I-736. (PSR at 13).

On November 29, 2006, a grand jury handed down an indictment charging Mr. Lee with Illegal Reentry of a Removed Alien. (PSR at 7). After certain legal issues were resolved, Mr. Lee entered a plea of guilty to Attempted Reentry of a Removed Alien. (PSR at 3). At the time of

2

sentencing, Mr. Lee will have served 288 days in prison. (PSR at 9).

The PSR sets Mr. Lee's Base Offense Level at 8. (PSR at 21). Since Mr. Lee was previously deported due to a felony conviction for a crime of violence, the Base Offense Level increased an additional 16 levels. After deducting 3 points for acceptance of responsibility, the PSR asserts a Total Offense level of 21. (PSR at 27-28). Based on a Total Offense Level 21 and a Criminal History Category III, the advisory guideline range of imprisonment is 46-57 months.

Mr. Lee respectfully contends that a sentence of 46 months is unreasonable and unnecessary. The Court should give great weight to the mitigating factors presented in this case and sentence Mr. Lee to time served followed by a term of supervised release.

**III.  Nature and Circumstances of Offense.**

This case does not present the type of danger to society that § 1326(a) was intended to protect against. Certainly, the intent of Congress in promulgating the progressively harsher penalties for individuals deported after conviction for an aggravated felony, was based on the perception that prior felons present a greater danger to the community. Where danger to the public is high, it seems reasonable to impose a higher penalty. While this rationale would apply in certain circumstances, it does not apply to the facts of this case.

Mr. Lee does not pose a danger to the community. He did not enter with an intent to commit crimes of violence. He did not enter to further a drug related transaction. He did not enter with any criminal intent whatsoever. When Mr. Lee returned to Korea after serving 157 months in prison, he could not find employment for six months. SNL gave Mr. Lee his first job since September 1993. (PSR at 54). He entered Guam solely to generate business for SNL Corporation.

3

(PSR at 53). Mr. Lee fully intended to return to Korea. The resulting guideline range is unreasonable in light of Mr. Lee's intended limited purpose for coming to Guam.

### IV. History and Characteristics of the Defendant.

Mr. Lee is 56 years old and has spent over 12 years in prison. He has paid his debt to society in full. He was the fifth born of ten children. His father died when he was 12 years old and his mother took over the family farming activities. His family grew rice and vegetables to put food on the table. Mr. Lee completed 3 years of college and served honorably in the Korean Marine Corps. (PSR at 36).

Despite his imprisonment, Mr. Lee's marriage has survived for 26 years. He and his wife have two sons who speak lovingly of their father. (Exhibit C and D). Mr. Lee's wife describes him as a good-hearted man and she prays he will return to her and the family. (Exhibit E). Mr. Lee has been a member of the Joy Fellowship of New York for quite some time. The Senior Pastor and two elders from the church have submitted letters on behalf of Mr. Lee. All three speak fondly of him and offer their support and prayers. (Exhibit F, G, H.)

### V. The Sentence Imposed Must Reflect the Seriousness of the Crime.

Undeniably, felons have the potential to cause grave harm to others. However, the facts of his case, indicate that Mr. Lee had an innocent intent for entering Guam. When Mr. Lee entered Guam, he merely sought to create business opportunities for SNL Corporation. Neither the government nor probation dispute Mr. Lee's reason for being in Guam.

The offense did not involve violence or drugs and there is no indication of any intent

4

Case 1:07-cr-00050   Document 15   Filed 08/30/2007   Page 4 of 16

to commit a violent act. Were it not for Mr. Lee's 14 year old conviction, he would be facing a 0-6 month sentence under the advisory guidelines. With the 16 level adjustment, Mr. Lee is exposed to a 46-57 month sentence. Most troubling, is the fact that the prior conviction also elevates his Criminal History to Category III. The facts of this case do not substantiate the advisory range of imprisonment. Rather, the facts of this case amply support a sentence of time served.

### VI. The Sentence Imposed Must Promote Respect for the Law.

Mr. Lee has a tremendous respect for the law. He feels extremely sorry for the trouble he has caused. (PSR at 18). Mr. Lee's only criminal conviction occurred over 14 years ago. Having served 157 months in prison, Mr. Lee is committed to getting his life and his family back together. He, perhaps more than others, appreciates the significance of being free from incarceration. At 56 years old, Mr. Lee wants to lead a productive and meaningful life. Mr. Lee readily admitted to the charge brought against him and he has demonstrated full responsibility for his actions.

### VII. The Sentence Imposed Must Provide Just Punishment for the Offense.

The fair, just, and appropriate sentence in this case is credit for time served and a period of supervised release with community service to follow. Credit for time served coupled with three years of supervised release will amply suffice to punish Mr. Lee for his offense. A sentence at the low end of the guideline range, as recommended by the government, would only serve to cause an unwarranted sentencing disparity among defendants. For instance, a defendant who returned to the United States with an injurious or malicious intent would be exposed to the same guideline range as Mr. Lee. Such an outcome would not be reasonable or fair and would be "greater than necessary,

5

Case 1:07-cr-00050 Document 15 Filed 08/30/2007 Page 5 of 16

to comply with the purposes" set forth in 18 U.S.C. § 3553(a)(2).

**VIII. Conclusion**

For all the reasons discussed above, Mr. Lee respectfully requests the imposition of a sentence of time served followed by a period of supervised release.

August 30, 2007DATED: Mongmong, Guam, August 30, 2007.

RICHARD P. ARENS
Attorney for Defendant
YOUNG TAEK LEE

6

To: Richard T. Arens

I am Mr. Lee's current employer and president of SNL Corporation On November 22, 2006, I accompanied Mr. Lee to Guam on business. My company exports fruit, vegetables, and beverages. Our trips purpose was to provide samples of our grocery products to local business owners and take their orders for products from our catalogue of food and beverages. Unfortunately, Mr. Lee was arrested and detained by authorities at the immigration counter. I was unaware that Guam was a U.S territory. I was also unaware of Mr. Lee's deportation from U. S. I also filled out our entry forms, mine and Mr. Lee's while on the airplane. Mr. Lee was not able to read that we were entering U.S territory. Had I been aware of Mr. Lee's prior deportation or had Mr. Lee been made awere that Guam was U.S territory, we would not have knowingly violated his deportation status. I feel partially responsible for Mr. Lee's current situation and humbly beg pardon for our innocent mistake. Please show mercy to Mr. Lee and to his awaiting family and to myself by not punishing him for our error in judgment due to our ignorance of U.S geography.

Sincerely,

Jae Young Ju
president, SNL Corporation



## SNL KOREA CO., LTD.

Sang-A Arcade 165, Ogeum-Dong, Songpa-Gu, Seoul, S.Korea

**YOUNG, LEE**
Adviser

TEL : 82-2-403-1178  MOBILE : 82-10-2400-8481
FAX : 82-2-403-1179  E-mail : master@snlkorea.com



## (주)에스엔엘통상

138-738 서울시 송파구 오금동 165 상아 APT상가 209호

**이 영 택**
고 문

TEL : 02-403-1178  MOBILE : 010-2400-8481
FAX : 02-403-1179  E-mail : master@snlkorea.com





**"David Lee"**
<dlee727@gmail.com>
02/14/2007 03:28 PM

To richard_arens@fd.org
cc
bcc
Subject Young Taek Lee

History: 🗩 This message has been replied to.

Hi Mr. Arens-

My name is David Lee. I am the eldest son of one of your clients (Young Taek Lee), and we spoke on the phone a couple of weeks ago regarding my father's current situation. There was a money order sent to my father recently and I was just curious if it got to him (we have not heard from him for a while now). I believe it was made out to your name... Anyway, I hope all is well with you. I'm sure you must be swamped with much work but I implore you to treat my father's case with extra care and effort. We've had a horrible experience with our previous public defender some ten-years ago so please forgive me if I come off a little demanding. My father is a very good and upright man. Yes, he is imperfect and is prone to mistakes but this situation is quite unfortunate. I'm not too familiar with what has really been going on since I've had limited contact with my father but he is a good man who was trying to get his life together after 10 years of incarceration. I haven't spoken with his employers in Korea yet but I'm sure there was a return flight back to Korea which might possibly prove that his stay in Guam would've only been temporary. Due to my demanding work hours and the differences in time zones, it might prove to be difficult to communicate over the phone with you. However, I will try to communicate with you in whichever way you find most convenient. Since the last thing I want is for this case to "fall through the cracks", I would like to be as active as possible. Please let me know if I can contribute in any way.

Best Regards,

David Lee





**"James Lee"**
**<jlee1026@gmail.com>**
04/25/2007 02:08 AM

To Richard_arens@fd.org
cc
bcc
Subject Email Concerning Young Taek Lee

History: 🔁 This message has been replied to.

Hello Mr. Arens,

Hope all is well. Let me start off my introducing myself. My name is James Lee i am the son of Young Taek Lee in whom you are currently representing.

I've heard little details on how things have been going through my brother David whom has been keeping contact with you. I was wondering on where he stood right now being that i have been told minor things but i really don't have a full knowledge of how everything is going about up to date.

I know that he has a history to where he is no longer able to step foot onto U.S. soil but without knowing Guam was U.S. territory he took a business trip out there and had been detained since Nov. 2006.

Even though i was educated and what not here i had no idea till this incident that Guam is U.S. soil. I know that ignorance won't cut it but its just quite sad how this is all going about.

Thank you for all the hard work you are putting into this and i guess all we can do it hope for the best and pray that it'll all work out to his plan.

Best Regards,
James



04-25-2007

Dear Mr. Arens:

I would like to first express my sincere appreciation for your help in representing my husband, Mr. Young-Taek Lee. It was really heartbreaking news for me to hear that my husband is again in custody again and awaiting a trial. However I am now confident that God will again help us and give us another opportunity through you in this matter.

My husband and I have come to this land of opportunities 26 years ago, and we settled down in New York in 1981. Yes, we pursued the typical American Dream here as young, 1st generation immigrants from South Korea and we believed one day our dream would come true if we do our very best. Truly my husband worked hard to make ends meet and I have faithfully supported my family as a housewife for years until 1993. We gave birth to David and James, precious gifts from God, here in the City and strived to raise them well.

I still carry the painful memory of the year 1993 when my husband was arrested and sentenced to a long time imprisonment. I know my husband very well, a good hearted, but a naïve and ingenuous person, and I couldn't understand why that had to happen to my family. Having full of sorrow but to support my sons and imprisoned husband, I had to start to work full time. At first I was at a loss what to do as I was not ready to go out. However, with God's grace and hope that someday, my husband would return to me and my sons, and that we would live together, I managed to live on and bring up my two sons with my best efforts, as well as to care for my husband in jail.

As you well know, it turned out that my husband was deported from the States after almost 15 years' imprisonment. Although we couldn't see each other that often and my husband does not have any support and means in Korea to live with, I thanked God as he was at least released and was able to start a new life there.

However, I am in despair again to learn that he was arrested in Guam. I was desperate to find any means to help him but I really could find any. I am totally certain that he did not intend to enter the United States. I know he was employed by an import-export company and was trying to assist in the business but he was not aware at all that Guam is a US territory. I hope that you could help us by letting the court understand this.

It is our desire to have him back to me and my family in New York. No sooner I heard about it than I started to pray day and night for God's help in this, as I really do not want this matter to hurt my two sons again, who were raised and spent their adolescence without father for more than a decade. I understand the situation that it is difficult for him to be released. However, I would ask you to assist him so that he may at least be allowed to be transferred to a correctional facility located near New York, which will enable us to visit and take care of his need during the period of imprisonment.



Again, I thank you in advance for your attention and effort to help my husband and father of my two sons. May God be with you.

In Christ,

*[signature]*
Yang Ro (Kwon) Lee
Wife of Mr. Lee

May. 8, 2007

Dear Mr. Arens:

As the pastor of Mrs. Lee, I would like to appreciate your help in representing Mr. Lee Young-Taek, the husband of Mrs. Lee, Yang-Ro. She has been faithfully serving God as a member of my church, JOY Fellowship Church of C&MA in New York.

It was really heartbreaking news when I heard Mrs. Lee's husband was in custody again and awaiting a trial. I knew Mrs. Lee and her family had been through deep suffering for a long time.

I have compassion on her and her family. I wish there in no more trouble for her and her family. Not only me, all congregations of my church are willing to support her and her family. Because we saw how she served her husband and how she took care of her sons by herself.

All members of my church and I keep praying for her and her husband that they live happily together in the presence of God.

Therefore, I would ask for your sincere help in this matter. Again, I am willing to support Mr. & Mrs. Lee. If you have any questions on this matter, send an e-mail to me at joychurch03@hotamil.com or call me at 516-297-8989.

May God be with you.

In Christ,

Rev. Seong Ryong An
Senior Pastor
JOY Fellowship Church

Apr. 29. 2007

Dear Mr. Arens:

I am writing this letter to ask for your help for Mr. Young-Taek Lee. I have known Mr. Lee for over 20 years, as we went to the same local church in Queens. We served the church together, as we were part of the church choir. We served the local communities through the church. We shared our life together and I feel he is really like a brother to me in Christ Jesus.

I still do not understand why things have turn out that way against him. It saddens me greatly because such a kind and good hearted person like him was in trouble. If it was because of his relationship with others that led him into such a bad situation, I truly confess that I, too, am to blame, in front of God that I serve, as I failed to share him with more love and kindness.

As we Christians believe that "to sin is to human" – we believe all men are sinners before God and I too confess that I am a sinner. But it is my faith that because of God's grace and love, I have lived my life fully and without serious problems, which I am deeply thankful.

I went to visit him in the prison several times and I made up my mind to help him and his wife, Ms. Yang-Ro Lee (whom my wife personally respects and loves) to find job and settle down. But we could not because he was deported just after he had been released. In fact, my three daughters and their two brothers have been close friends in church.

Therefore, I would again ask for your help in this matter. I really want to see that the family gather together and live happily together in God's grace here in this great country, after all hardships of more than 10 years.

Sincerely,

*Woong Kyum Park*
Woong Kyum Park, Elder
Joy Fellowship Church of New York

Dear Mr. Arens:

I am writing this letter to you to support Mr. Lee's case. My name is Man Woo Shin and I have known Mr. Lee for years. We have been close friends, and attended the same church, serving as choir members and participating actively in the community services.

I was very surprised to hear that he was arrested and imprisoned for more than a decade, because I could not connect him with such. At least I have known him as a brother in the church and good neighbor of the community. His wife is still serving in the church choir with me and his two sons are still friends of my daughters.

A long time has passed since he departed and we really have missed him. We prayed together so that God may be with him and we tried to help him in a several ways though Mrs. Lee. Thinking about Mrs. Lee's life without husband (not to mention the two sons') more than 15 years, and all the hardships that the family had to suffer, I would sincerely ask for your help and support in this matter. I can attest that he is a good man and, even though I might have made a mistake out of mischief, he will make a totally new life if another opportunity is given.

Mr. Arens, again, I would sincerely ask for your assistance in this matter. I truly wish that he would be released and come back to his family. I would like this message to be transmitted to the court so that they may consider a better way to resolve this matter for Mr. Lee.

Thankfully,

*[signature]*        *May 6th 2007*

Man Woo Shin
Elder, Joy Fellowship Church of New York
Former President of The Korean American Association of Greater New York

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on August 30, 2007:

ROSETTA SAN NICOLAS
Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

CARLEEN BORJA
U.S. Probation Officer
U.S. Probation Office
Districts of Guam and NMI
2nd Floor, U.S. District Court

DATED: Mongmong, Guam, August 30, 2007.

ALEXANDER A. MODABER
Investigator